**OBER v HOLLINGER**

Ohio Appeals, 9th Dist, Summit Co

No 2227. Decided March 31, 1933

R. H. Nebsitt, Akron, for plaintiff in error.

Carl M. Myers, Akron, for defendant in error.

SHERICK, J (5th Dist), sitting by designation in place of WASHBURN, PJ.

**SHERICK, J.**

The first error complained of is that the trial court refused to give defendant in error's special request No. 2, which reads as follows:

"The court instructs you that if, in the course of extracting the teeth to which the plaintiff, Mrs. Hollinger, consented, the defendant, Dr. Ober, discovered a necrosed or diseased condition in and about plaintiff's second and third molar teeth, not anticipated before the operation was commenced, which condition, if not removed would endanger the health of the plaintiff, he would, though no express consent was obtained or given, be justified in extending the operation to remove and overcome such conditions."

The question, therefore, presented by this claimed error, involves the law of the case applicable to the situation developed by this record; and in putting the question now considered, we would state it in this manner: Has a dental surgeon, employed to do a definite piece of work and no other, implied authority to do that which he deems best for his patient, even though it be contrary to the express terms of his contract of employment?

It must be kept in mind that this is not a case involving the principle of emergency, where the surgeon is confronted with a developed situation that makes necessary the doing of certain things on his own judgment for the preservation of his patient's life. Neither is it a case where one is employed to use his judgment in the removal of a condition that is the cause of his patient's ailment; nor is it a situation of an exploratory operation, consented to directly or impliedly by the patient.

The trial court considered the law to be that every adult person of sound mind has a right to determine what shall be done with his own body, and so charged the jury. We are of the opinion that the trial court rightly considered and applied the law in the instant case. It is recognized in the cases of **Bowers v Santee, 99 Oh St 361**, and **Wells v Van Nort, 100 Oh St 101**, that a surgeon has not the right to operate upon his patient's body in the absence of an express or implied contract. In the last cited case the Supreme Court considered the type of case that is now before this court. The principle is again recognized in the case of **Francis v Brooks, 24 Oh Ap 136, 140, (5 Abs 25)**. Therein it is said:

"If the jury found that, while she was unconscious from the taking of gas, the defendant removed the impacted tooth without her consent, it would be justified in rendering a verdict in her favor for such damages as naturally and proximately flowed therefrom."

Now, from the pleadings and facts in this case, it is clearly established that it was understood that Dr. Ober was not to remove the second and third molars. Referring to the record at page 117, we find the plaintiff in error testifying as follows: "Very reluctantly I removed the tooth, knowing full well that the patient did not wish that tooth removed." As a result of the removal of these two teeth, she was unable to have placed in her mouth a bridge or denture, by reason of the fact that there was no post on the upper right jaw to which the same might be fastened, and as a further result of the removal of these teeth the patient had to undergo the removal of six vital teeth on the left side of her jaw in order to have a plate made.

From the two Supreme Court cases noted, it appears that a contract, express or implied, must exist. We understand the law to be that, where parties contract expressly with reference to a certain matter, an implied agreement cannot thereafter be made

a part of that contract by the act and purpose of one party, when the express terms of the agreement directly controvert the inclusion of any such implication.

We have carefully examined the case of Jackovach, by next friend v Yocom, 76 A. L.R., 551, mainly relied upon by the plaintiff in error as authority for the correctness of the law stated in special request No. 2. Our examination develops that this was a matter of a crushed elbow—in other words an emergency—in which three doctors had agreed that amputation of the arm was necessary for the preservation of the life of the patient. We are of the opinion that it is not a sound policy to permit a dental surgeon to proceed to do that for his patient which the patient has directly specified against. One may rather desire to bear the ills he has than to fly to others he knows not of.

As a second ground of error, it is charged that the trial court made an improper statement in the presence of the jury during the examination of an expert witness, called upon behalf of the plaintiff in error. The statement made is as follows:

"The patient can gamble as well as the doctor. If the patient wants to gamble on his own life he can do it, as well as the doctor wants to gamble on saving the life."

It is claimed that this remark was prejudicial by reason of the fact that it was uncalled for and was not related to any question which was then before the court.

We doubt the propriety of the statement, but we do not believe it to be prejudicial error. The occasion for its employment arose in the examination of an expert with reference to the necessity claimed to have confronted the plaintiff in error upon the discovery of the necrosed condition underlying the second and third molars. The court, in view of the allegations of the petition and the proof made, and realizing that this testimony had little to do with the real issue in this case, no doubt felt justified in injecting this remark, indicating thereby what he thought to be the real issue. If erroneous, we do not find it prejudicially so.

It is the conclusion of this court that the judgment should be affirmed.

FUNK and STEVENS, JJ, concur in judgment.